FILED

99 JUN 14 PM 1:25

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 14 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

REMBERT C. MARTIN,   }
    Plaintiff,   }
       }   CIVIL ACTION NO.
V.   }
       }   98-AR-1087-S
CITY OF BIRMINGHAM,   }
       }
    Defendant.   }

**MEMORANDUM OPINION**

    The court has under consideration the motion for summary judgment filed by defendant, City of Birmingham ("City"). Plaintiff, Rembert C. Martin ("Martin"), is a black firefighter for City. Since 1994, Martin has been employed at various fire stations. He alleges that he has been the victim of race discrimination. As statutory bases for his claims, he invokes Title VII and 42 U.S.C. § 1981.

    The court will not attempt to catalog all of the incidents that Martin claims constitute evidence of adverse employment action taken by City and animated by racial animus. Some of the events occurred earlier than May 4, 1996, two years before this complaint was filed on May 4, 1998. Some of the things said and done by City's employees have racially hostile overtones. For instance, one incident involves a hangman's noose draped over Martin's locker. Other occurrences involve fellow employees' remarks that

could be reasonably construed by Martin to be offensive and racist, or could be construed as nothing more than tolerable workplace banter. A display of neo-Nazi literature, for example, arguably enhances Martin's claim of a racially hostile environment in the fire department, although it may also create a First Amendment issue. Martin's assertion that there was a delay in his receipt of safety equipment when City's white firefighters received their safety equipment promptly, helps to boost Martin's case past the muster point of a Rule 56, F.R.Civ.P. attack.

### The Claim Under § 1981

Any incident that took place more than two years before May 4, 1998 cannot form a independent basis for City liability under § 1981. The court does not decide whether or not evidence of such stale incidents can be received into evidence as relevant background material upon which things that occurred within the two-year period are to be judged.

In addition to its statute of limitations defense to the § 1981 claim, City argues that Martin, like all of its civil service employees, does not have a contractual relationship with City. Rather, he serves under principles that do not involve the laws of contract, either expressed or implied. At this stage of the case, the court is not prepared to find, as a matter of law, that Martin had no relationship of sufficient significance to open the door to a § 1981 claim of race discrimination in the employment context.

City contests Martin's assertion that he suffered adverse employment action cognizable under § 1981. As will be seen *infra*, this issue becomes academic.

City correctly points out that Martin must establish the existence of a custom or policy of discrimination by City if he is to prevail under § 1981. *Respondeat superior* liability does not exist for municipalities charged with violations of § 1981, just as it does not exist for violations of 42 U.S.C. § 1983. Martin acknowledges that *respondeat superior* liability does not exist under § 1981. He necessarily claims that he has met his burden of proving that he has met the Rule 56 test for proving the existence of a custom or policy of racial discrimination by City. The court cannot find evidence of any such custom or policy by City. Thus, City's motion for summary judgment addressed to plaintiff's § 1981 claim is due to be granted, regardless of whether or not other elements of a § 1981 claim have been presented.

### The Title VII Claim

There is a legitimate dispute of material fact over whether the employment environment in which Martin operated was so pervaded by racially discriminatory comments and acts that City knew, or should have known, of racial harassment in the fire department and did not respond to it appropriately. The parties also legitimately dispute whether Martin unreasonably failed to complain in a timely and appropriate fashion under procedures

3

available to him. The standard for establishing the existence of a hostile environment with respect to race is somewhat higher than the standard for a hostile environment based on gender. The authorities suggest that the racial environment must be really bad in order for it to constitute a Title VII violation. The environment must be pervaded with racial jokes, slurs, epithets, physical abuse, etc. It is not at all clear that Martin, without proof of a disciplinary action, can reach the level of a Title VII violation with the evidence he has, but the court concludes that a motion by the City under Rule 50, F.R.Civ.P., will be a better vehicle than Rule 56 for determining whether Martin's evidence meets the threshold upon which a reasonable jury can find a Title VII violation. For this reason, City's motion for summary judgment will be denied as against the Title VII claim.

An appropriate separate order will be entered.

DONE this __14th__ day of June, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE